UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHARLES WASHINGTON, JR., R5200, | ) ) ) |
| Petitioner, | ) Case No. 14-cv-1188 |
| v. | ) ) Judge John W. Darrah |
| MICHAEL LEMKE, | ) ) ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

On March 4, 2016, Petitioner Charles Washington filed a Motion to Alter or Amend his Judgment, pursuant to Federal Rule of Civil Procedure 59(e). For the reasons stated below, the Motion [87] is denied.

## BACKGROUND

Petitioner is currently incarcerated at the Stateville Correctional Center, where Randy Pfister presides as warden. (Dkt. 16 at 1); (Dkt. 91 at 1.) Michael Lemke was the warden at the time Petitioner filed his *habeas corpus* petition. (Dkt. 86 at 1.) Petitioner was sentenced to thirty years' imprisonment after a conviction of one count of solicitation to murder and one count of solicitation of murder for hire in relation to the death of Wardella Winchester. (Dkt. 16. at 2.) Petitioner appealed his conviction on three grounds:

1. He was denied due process when the trial court admitted evidence of (i) his association with apparent gang members and criminals; and (ii) his role in Wardella Winchester's kidnapping and murder;

2. he was not proven guilty of the charged offenses beyond a reasonable doubt; and

3. he was denied due process when the prosecutor misinformed the jury about the difference between solicitation of murder and solicitation of murder for hire.

(Dkt 86 at 2.) The Illinois Appellate Court affirmed. (*Id.*) Petitioner's Leave to Appeal ("PLA") to the Illinois Supreme Court mirrored the direct appeal and was denied on November 25, 2009. (*Id.*)

On June 28, 2010, Petitioner appealed for post-conviction relief in the Circuit of Cook County. (*Id.*) He made 16 claims, all of which were dismissed as frivolous and without merit. (*Id*. at 3-4.) Petitioner then appealed his claim of trial counsel ineffectiveness for not requesting an entrapment jury instruction to the Appellate Court of Illinois, which affirmed the conviction, and to the Supreme Court of Illinois, which denied his PLA. (*Id*. at 4.)

Petitioner filed a Petition for Writ of *Habeas Corpus*, pursuant to 28 U.S.C. § 2254 (2012), on February 18, 2014. (*Id.* at 4-5.) The petition was based on 18 grounds, all of which were denied. (*Id.* at 6-11.) Petitioner now has filed a Motion to Alter or Amend the Judgment pursuant to Rule 59(e) based on Grounds 10, 11, 16, which are as follows:

10. He was denied due process when Dyer entrapped him into committing solicitation of murder and solicitation for hire and was denied his right to effective assistance of counsel when trial counsel and appellate counsel failed to preserve this claim for appeal and failed to investigate this claim.

11. He was denied due process and the effective assistance of counsel when the affirmative defense of entrapment "was not applied" to him.

16. Counsel, on direct appeal, was ineffective for failing to allege her own ineffectiveness as trial counsel.

**LEGAL STANDARD**

"Rule 59(e) allows a court to alter or amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008) (citing *Sigsworth v. City of Aurora*, 487 F.3d 506, 511–12 (7th Cir. 2007)). The manifest error must be a "wholesale disregard,

misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F.Supp. 1063, 1069 (N.D.Ill. 1997)). "As for the new evidence, motions under Rule 59(e) cannot be used to present evidence that could have been presented before judgment was entered." *Obriecht*, 517 F.3d at 494. Movant cannot use the motion to "[take] umbrage with the court's ruling and [rehash] old arguments." *Oto*, 224 F.3d at 606. The motion "does not provide a vehicle for a party to undo its own procedural failures . . . or advance arguments that could and should have been presented to the district court prior to judgment." *United States v. Resnick*, 594 F.3d 562, 569 (7th Cir. 2010) (quoting *Bordelon v. Chicago School Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000)).

## ANALYSIS

*Grounds 10 and 11*

In Grounds 10 and 11, Petitioner alleges that he was denied due process because he was entrapped into committing the offenses, his counsel was ineffective by not preserving, appealing, or investigating the entrapment defense, and entrapment was not "applied to him." As stated in the Memorandum Opinion and Order dated February 11, 2016, any claims in Grounds 10 and 11 that Petitioner was denied due process are procedurally defaulted because he did not argue these grounds on direct appeal or on postconviction appeal. Petitioner also failed to provide any evidence or explanation in his Petition to show that the alleged errors made by trial counsel were such that his performance was deficient and that the deficient performance prejudiced him at trial. When making an ineffective counsel argument under the the *Strickland* standard, it must be shown that "errors were so serious as to deprive [petitioner] of a fair trial, a trial whose result is reliable." *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Petitioner now asserts that he did fulfill the elements of solicitation and that he was entrapped. (Dkt. 87 at 15.) Petitioner argues that he admitted to hiring Dyer to kill Larry Holcomb and that this constitutes grounds for his Motion. However, Petitioner did not admit to committing the solicitation at trial. As pointed out by the Government in their Response, Petitioner's testimony also contradicts his claims. Petitioner testified that Dyer was acting on his own and that he gave Dyer the information Dyer requested to prevent harm to his family. *See* Dkt. 17-15 at 80-82. "[E]ntrapment is only available to a defendant who admits [to] committing the acts which constitute the crime for which he is claiming entrapment." *People v. Gulley*, 36 Ill. App. 3d 577, 581 (5th Dist. 1976). "Review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). Petitioner's new admission in his Motion to fulfilling the elements of the offense does not change the record at trial. Nor does this admission make the state appellate court's decision unreasonable. *See Obriecht*, 517 F.3d at 494; *Resnick*, 594 F.3d at 569.

*Ground 16*

In Ground 16, Petitioner alleges that his counsel was ineffective for not alleging "ineffectiveness of counsel" on appeal. As in his initial Petition, Petitioner cites to *Macchione v. United States*, 205 F. Supp. 2d 888 (N.D. Ill. 2002), to support his position that he should be allowed to raise the issue of ineffective assistance of counsel at the collateral stage. Petitioner again claims that he had the same counsel at trial and on appeal. This argument is unpersuasive, and Petitioner provides no evidence or argument showing a valid reason for the procedural default of his claim. As noted in the February 11, 2016 Order, Petitioner was represented by different attorneys at the trial and appellate levels. (Resp. Exh. A – X.)

Petitioner provides no valid reason why he failed to raise this claim in the Illinois Supreme Court. Thus, Petitioner provides no reasoning or support for his argument that there was a manifest error of law or fact in the previous Order or newly discovered evidence such that relief under Rule 59(e) should be granted.

## CONCLUSION

For the reasons set forth above, Petitioner's Motion to Alter or Amend [87] is denied.

Date:  June 30, 2016

JOHN W. DARRAH
United States District Court Judge